## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JOHN WARREN MUNN,                  )
                                   )
                Petitioner,        )
                                   )
        vs.                        )        Case No. CIV-05-59-L
                                   )
T. C. PETERSON, Warden,[1]         )
                                   )
                Respondent         )

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. Pursuant to an order entered by United States District Judge Tim Leonard, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent has filed a motion to dismiss, to which Petitioner has responded.[2]  Thus, the matter is at issue and ready for disposition.

Petitioner is a federal prisoner who is currently confined in the Federal Correctional Institution in El Reno, Oklahoma (FCI-El Reno).  Petitioner states that he is not attacking his conviction, but is complaining about the fact that when he was taken into federal custody by United States Marshals on July 30, 2003, on a federal parole violator warrant issued by the

---

[1]Petitioner also listed the United States Attorney for the Western District of Oklahoma, the United States Parole Commission, the United States Marshals Service and the Oklahoma Federal Transfer Center as respondents. However, where the applicant is presently in custody pursuant to the judgment in question, the officer having custody of the applicant is the proper respondent. Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. Therefore, the United States Attorney for the Western District of Oklahoma, the United States Parole Commission, the United States Marshals Service and the Oklahoma Federal Transfer Center were dismissed. [Doc. No. 5, n.1].  See Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts (authorizing application of the rules to other actions for writs such as the instant case, in the Court's discretion). Petitioner has objected to that dismissal. [Doc. No. 6].

[2]Petitioner has entitled his response "Petitioner's Rebuttal to Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus," but it will be referred to herein simply as "Petitioner's Response." Also, Petitioner has filed a Motion to Supplement Documented Evidence [Doc. No. 13] which is hereby granted.

United States Parole Commission, none of the federal authorities allegedly involved had either an original or certified copy of the judgment and commitment order. Petition, p. 2. Petitioner claims that this was in violation of the due process requirements of the Fifth and Fourteenth Amendments to the United States Constitution. Id.

By way of background, Petitioner was convicted of bank robbery and sentenced on April 23, 1975 to twenty years imprisonment. Petition, p. 1; Case No. CR-75-31, United States District Court for the Western District of Oklahoma. On May 17, 1978, Petitioner was paroled after serving three and one-half years of his twenty-year sentence. Petition, p. 4. While on parole, Petitioner was arrested on multiple charges in three Oklahoma counties.  These charges led federal officials to issue a parole violator warrant on February 7, 1980. Motion to Dismiss, Ex. 5. After issuance of the warrant, Petitioner was convicted in Oklahoma County District Court on charges of first degree rape and pointing a firearm, and a detainer was lodged in connection with the parole violator warrant. Motion to Dismiss, Ex. 6, 7, 8. On June 28, 1984, the United States Parole Commission revoked Petitioner's parole, stating that the unexpired portion of his federal sentence would start again when he obtained release or parole on his state sentence.  Motion to Dismiss, Ex. 9.  On July 30, 2003, Petitioner discharged his state prison terms, and was taken into custody by the United States Marshals Service. Petition, p. 4.  Petitioner was transferred to the federal holding area of the Oklahoma County jail until August 19, 2003, when he was moved to the Federal Transfer Center in Oklahoma City.  Petition, p. 4.  On October 1, 2003, Petitioner was transferred to FCI-El Reno. Petition, p. 5.

Petitioner states that he "is not complaining about prison conditions, BOP sentence computation, crediting of state sentence to federal sentence," Petitioner's Response, p. 6, or

2

"about the manner in which the Commission conducted his parole revocation hearing." Petitioner's Response, p. 2. Instead, his "basic claim" is that in order to incarcerate him in a federal correctional facility, it is imperative that the judgment and commitment order accompany him as authority, and that it did not in this case. Petitioner's Response, p. 2.  He claims that this failure was a violation of due process entitling him to release from custody.

In his motion to dismiss, Respondent contends that Petitioner has provided no authority for his claim that the Parole Commission was required to maintain the judgment and commitment order in order to serve it on Petitioner, or that the Bureau of Prisons was not authorized to accept custody of Petitioner based upon the parole violator warrant issued by the United States Parole Commission. Respondent also contends that Petitioner has not exhausted his available administrative remedies.

**I. EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, the law in this Circuit generally requires an inmate to exhaust BOP's administrative remedies before seeking federal habeas relief.  See, e.g., Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986) (petitioner challenging BOP's computation of release date must exhaust BOP's administrative procedures); Holman v. Booker, No. 98-3124, 1998 WL 864018 (10th Cir. Dec. 14, 1998) (petitioner challenging BOP's computation of sentence generally must exhaust BOP's administrative procedures before seeking federal habeas release); Verner v. Reno, No. 98-1119, 1998 WL 792059 (10th Cir. Nov. 3, 1998) (petitioner challenging BOP's parole eligibility determination must exhaust BOP's administrative remedies before seeking federal habeas relief); Sandoval v. Booker, No. 97-1412, 1998 WL 109843 (10th Cir. March 12, 1998)

(petitioner challenging BOP's revocation of his parole must exhaust BOP's administrative remedies).[3]

A futility exception to the exhaustion requirement does exist; however, "the futility exception is quite narrow . . . [w]e have applied it only where there is a recent, adverse determination disposing of the precise point raised by the petitioner seeking to apply the exhaustion requirement." Holman, 1998 WL 864018 at *3. In the case of § 2254 petitions, the futility exception has been applied where no remedy is available, see Wallace v. Cody, 951 F.2d 1170, 1172 (10th Cir. 1991), and where a recent, adverse determination disposes of the precise point raised by the petitioner seeking waiver of the exhaustion requirement. See Goodwin v. State, 923 F.2d 156, 157 (10th Cir. 1991). The exhaustion requirement for a habeas claim brought pursuant to § 2241 has been waived where a petitioner was denied administrative relief based on a published BOP policy at the first level of administrative review. Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993). In Fraley, the petitioner did not appeal the decision before bringing his § 2241 petition, and the Court held that further exhaustion of the habeas claim would be futile because at every level of review, the BOP would rely on the same published policy in denying relief. Id. at 925.

Although attempts to exhaust this claim are not futile in the same sense that they were in Fraley, as Petitioner has not yet pursued *any* remedies, there is a published BOP policy that allows a United States Parole Commission parole violator warrant to serve as commitment documentation for the purpose of returning a parole violator to custody. Motion to Dismiss, Ex. 19 (Program Statement 5800.12, Ch. 2, p. 3). Thus, it appears likely that the

---

[3]These and any other unpublished decisions are cited solely for their persuasive value in accordance with Tenth Circuit Rule 36.3.

BOP would rely on this policy in reviewing Petitioner's claim that he is entitled to release because a parole violator warrant alone was used as the commitment document in his case. Moreover, the issues presented for determination herein are legal and do not depend on the resolution of factual matters or the development of a more extensive administrative record.[4] Accordingly, the undersigned finds that it is appropriate to deny Petitioner's § 2241 claim on the merits even though it remains unexhausted. See Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000) ("because no credible federal constitutional claim is raised in [the] petition, we conclude it is not inconsistent with § 2241 or our habeas corpus precedent to follow the policy of § 2254(b)(2) in this case").

## II. MERITS OF PETITIONER'S DUE PROCESS CLAIM

As noted above, Petitioner does not claim that he has been denied due process in the revocation of his parole or in the computation of his parole violator term.[5] Instead, Petitioner states that his "basic claim" is that in order to incarcerate him in a federal correctional facility, his judgment and commitment order had to accompany him.  Petitioner's Response, p. 2.  He claims that since it did not, he should have been held in the federal holding area of the Oklahoma County jail until a certified copy or the original judgment and commitment could be provided to the United States Marshal.  Petition, p. 12.  Because this did not happen,

---

[4]In addition, Petitioner contends that if a copy of the judgment and commitment order is "located and inserted within Petitioner's BOP files subsequent [to] October 9th, 2003, the fact is irrelevant and immaterial" because "[p]rocedural steps of due process have been violated. . . ." Petition, p. 13.  Thus, it appears that administrative remedies could not resolve the issue presented herein in any event.

[5]The undersigned notes that Petitioner did bring an earlier habeas action in this Court raising various issues regarding the computation of his parole violator term, but the action was resolved in favor of the Parole Commission. Munn v. United States Parole Comm'n, No. CIV-02-1564-L (W.D. Okla. May 21, 2003).

he claims that his due process rights have been violated  and that he must be released.

Petition, p. 15.

Respondent contends that Petitioner has cited no legal authority for his contention that

a parole violator must be served with a copy of his judgment and commitment order upon

arrest. Motion to Dismiss, p. 5. Respondent states that the parole statute provides only that

the warrant be executed by returning the parole violator to custody:

> (d) Any officer of any Federal penal or correctional institution, or any Federal
> officer authorized to serve criminal process within the United States, to whom
> a warrant issued under this section is delivered, shall execute such warrant by
> taking such parolee and returning him to the custody of the regional
> commissioner, or to the custody of the Attorney General, if the Commission
> shall so direct.

18 U.S.C. § 4213(d) (now repealed).[6]  Furthermore, Respondent contends that there is no

statutory or regulatory requirement that the Bureau of Prisons have in its possession a

certified or original copy of a parole violator's judgment and commitment order upon his

return to federal custody.  Motion to Dismiss, p. 6.  Indeed, under BOP Program Statement

5800.12, a United States Parole Commission parole violator warrant is one of the forms of

commitment documentation normally used by the BOP to "verify the delivery of inmates to

the correct facility and to alert institution staff of significant facts regarding the inmate being

committed."  <http://www.bop.gov/policy/progstat/5800 _012.pdf> p. 25-28 (accessed Mar.

---

[6]These provisions have been repealed due to the passage of the Sentencing Reform Act of 1984
(SRA), which became effective on November 1, 1987, abolishing the United States Parole Commission.
Lewis v. Martin, 880 F.2d 288, 290 (10th Cir. 1989). "Congress originally extended the [USPC's] existence
for five years after the SRA's effective date so that the [USPC] could continue to process 'old law offenders'
like [petitioner], whose crimes were committed prior to the effective date.  Borelli v. True, No. 99-3234,
1999 WL 1188847 at **1 (10th Cir. Dec. 14, 1999).  This five-year time frame was later extended to ten,
fifteen, and eighteen years, so that the Parole Commission is currently scheduled to expire on October 31,
2005. Pub. L. No. 101-650, Title III § 316, 104 Stat. 5089, 5115, (Dec. 5, 1990) (extension to ten years); Pub.
L. 104-232, § 2(a), 110 Stat. 3055 (Oct. 2, 1996) (extension to fifteen years); Pub. L. No. 107-273, Div. C, Title
I, § 11017, 116 Stat. 1824 (Nov. 2, 2002) (extension to eighteen years).

15, 2005).  Petitioner has himself submitted a BOP Program Statement, which appears to be a part of an earlier version of Program Statement 5800.12. Petitioner's Motion to Supplement Documented Evidence, Ex. K (PS 5800.08).   Petitioner's exhibit supports Respondent's contention that a judgment and commitment order must accompany the *initial* arrival of a sentenced inmate at his designated institution, but not all arrivals. The exhibit submitted by Petitioner states that "The following is a *list* of documentation which is normally used to commit prisoners to BOP facilities," but Petitioner only provides one page of the pertinent section containing the first item in the list. The undersigned notes that on the Bureau of Prisons' official website, Program Statement 5800.12, § 203 Commitment Documentation, lists twelve separate types of commitment documentation normally accepted by the BOP. Program Statement 5800.12 includes in its list of "documentation normally used to commit prisoners to BOP facilities,"Parole Commission parole violator warrants. Motion to Dismiss, Ex. 19.[7]

None of the authorities cited by Petitioner support his claim that due process requires that a judgment and commitment order accompany a parole violator upon his return to  BOP custody; the authorities cited by Petitioner on page seventeen of the petition are simply inapposite. Pollard v. United States, 352 U.S. 354, 360 n. 4 (1957) ("void order purporting permanently to suspend sentence is neither a final nor a valid judgment"); Kennedy v. Reid, 249 F.2d 492, 495 (D.C. Cir. 1957) ("warrant of commitment departing in matter of substance from the judgment back of it is void"); United States v. Werber,  51 F.3d 342, 347 (2nd Cir. 1995) (oral sentence constitutes judgment of the court, written commitment order is mere

---

[7]The exhibit provided by Respondent only provides the pages containing the two types of commitment documentation at issue in this case.

evidence of such authority); <u>Hode v. Sanford</u>, 101 F.2d 290, 291 (5th Cir. 1939) (commitment depends for its validity on the judgment behind it, and if there is a difference, the judgment controls); <u>Wilson v. Bell</u>, 137 F.2d 716, 720 (6th Cir. 1943) (judgment in a criminal case is the pronouncement by the judge from the bench); <u>Gilliam v. United States</u>, 269 F.2d 770, 773 (D.C. Cir. 1959) ("any change in the commitment papers, whether it be a clerical correction or otherwise, which would increase the total term of confinement is of grave concern to the prisoner and an opportunity to be heard may properly be afforded to him before the correction is noted").

In this case, Petitioner does not dispute either the fact of his conviction or the length of his sentence. Indeed, Petitioner does not even dispute the fact of his parole violation or the length of his parole violator sentence. Without disputing the accuracy of any of the facts which have led to his current incarceration, or the process by which his parole violator status and parole violator sentence computation have been determined, Petitioner seeks his release because he was returned to federal custody by virtue of a parole violator warrant rather than a parole violator warrant with a judgment and commitment order. Petitioner has failed to show that his right to due process was violated by his return to federal custody in this manner, and it is therefore recommended that his petition be denied.

## **RECOMMENDATION**

Based on the foregoing findings, it is recommended that Respondent's motion to dismiss [Doc. No. 12] be denied, but that the petition for a writ of habeas corpus be denied on its merits. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before April 11, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to file a

timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 21st day of March, 2005.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE